## S. TIMON ET ALS v. SAN PATRICIO COUNTY.

### SUPREME COURT, GALVESTON TERM, 1883.

*Collector of Taxes—Failure to pay over Monies—Interest on Same.* Where neither the judgment of the court below, nor the report of the auditor nor other facts in the record show at what dates a defaulting tax collector should have paid the amounts sued upon into the county treasury, there could be no facts from which to ascertain the interest due thereon, and the cause will be reversed and remanded for further enquiry on the question of computation of interest.

Error from San Patricio county. Suit in District Court by the county of San Patricio, against tax collector for monies collected and interest thereon, failed to be turned into the county treasury.

Opinion by West, J.—The only assignment of error that it is deemed necessary to consider is the one bringing in question the correctness of the judgment of the District Court on the subject of interest. Neither the original petition nor its exhibits contain any averments or allusions to the subject of interest, except that in the concluding sentence of the prayer for relief, the pleader asks for interest on the balance due, from the time the same should have been paid into the county treasury.

It would seem that the better practice, in suits of this character against officers for the failure to pay over public funds that have come into their hands, where interest is sought to be recovered, for the petition to state fully the facts, giving the dates, amounts, etc., upon which the claim for interest is based.

The auditor's report too is silent as to the amount of interest that is due by the plaintiffs in error to the county. Yet this item, which was allowed in this case by the District Court, is so important an element in this judgment, that it is nearly equal in amount to the principal sum recovered. The principal sum named in the judgment is composed of two amounts found by the auditor to be due by the plaintiffs to the county, from the special and general county funds that the defaulting officer had collected at various dates from 1876 up to 1879. On this principal sum, which is fixed and ascertained by the judgment, interest is calculated, according to the terms of the judgment, from the time when the principal sum, $1276.20, should have been paid into the county

treasury. The amount of interest found by the judgment of the court to be due on the above named sum, is $1069.40. What precise date or dates are ascertained by the Court as the time when the money should have been paid into the county treasury, and consequently as the correct date or dates from which the officer would be chargeable with interest, we have been unable satisfactorily to determine, after a careful examination of the record

The 23d section of the Act of Aug. 21, 1876, provides that the collector of taxes shall, whenever he may receive as much as five hundred dollars or more, belonging to his county, pay over the same to the county treasurer, only reserving his commissions on the same. The same provision was in force at the time of the trial, having been transferred from this act to the Revised Statutes, (R. S., Art. 4762.)

We are unable, from the judgment of the Court or the Auditor's report, to ascertain with certainty, how, or by what process, the item of interest was ascertained. It cannot be arrived at by computing interest on the principal sum found due, as it is in excess of any amount of interest that could have accrued on that particular sum, from the time that it appears, from the record, the collector failed to pay it out. For this reason it is believed that the judgment should be reversed, in order that there may be a fuller and more satisfactory inquiry had in the District Court as to the amount of interest due from the plaintiffs in error to the county. The judgment is reversed and the cause remanded.